**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4055**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

STEVEN RUSSELL HELTON,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Frank W. Volk, District Judge. (5:12-cr-00134-1)

Submitted: October 26, 2020                Decided: November 17, 2020

Before GREGORY, Chief Judge, and WILKINSON and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard W. Weston, WESTON | ROBERTSON, Hurricane, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Negar M. Kordestani, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Russell Helton appeals his 24-month sentence imposed upon revocation of his supervised release. On appeal, Helton argues that his revocation sentence is procedurally unreasonable because the district court failed to address his nonfrivolous argument for a sentence split between incarceration and substance abuse treatment and did not adequately explain the sentence imposed. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "Only if this modified reasonableness analysis leads us to conclude that the sentence was unreasonable, do we ask whether it is 'plainly' so, relying on the definition of 'plain' used in our plain error analysis—that is, clear or obvious." *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007) (alterations and internal quotation marks omitted).

However, "even if a revocation sentence is plainly unreasonable, we will still affirm it if we find that any errors are harmless." *Slappy*, 872 F.3d at 207. An error is harmless if the Government "demonstrates that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that [correcting the

2

errors] would not have affected the sentence imposed." *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207; *see* 18 U.S.C. § 3583(e) (listing relevant factors). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

However, "where a court entirely fails to mention a party's nonfrivolous arguments in favor of a particular sentence, or where the court fails to provide at least some reason why those arguments are unpersuasive, even the relaxed requirements for revocation sentences are not satisfied." *Slappy*, 872 F.3d at 209. Although "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly," *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006), we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence," *United States v. Ross*, 912 F.3d 740, 745 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 206 (2019). Finally, "it is uncontroversial that a major departure should be supported by a more significant justification than a minor one." *Slappy*, 872 F.3d at 207 (internal quotation marks omitted).

3

Helton first argues that the district court failed to respond to his nonfrivolous arguments, in particular his argument for a sentence split between incarceration and substance abuse treatment. We disagree. The district court explicitly noted that it had considered Helton's request for a split sentence. It then accounted for Helton's addiction issues by recommending Helton's placement in the Residential Drug Abuse Program during his term of incarceration and ordering that Helton participate in an alcohol abuse program while on supervised release. To the extent Helton's argument was intended to mitigate his violations, the district court made clear that it disagreed by stating its concerns with Helton's alcohol abuse and admission to driving while intoxicated.

Next, relying on our decision in *Slappy*, Helton argues that the district court failed to adequately explain why it sentenced Helton to the statutory maximum of 24 months' imprisonment. Again, we disagree. Unlike in *Slappy*, the district court correctly calculated Helton's policy statement range and adequately responded to Helton's nonfrivolous arguments. *See Slappy*, 872 F.3d at 209 (stating that the district court's failure to address Slappy's nonfrivolous arguments "was compounded by its failure to explain why it was necessary to impose the statutory minimum sentence"). The district court considered some of the § 3553(a) factors and discussed Helton's alcohol abuse, his dishonesty with the probation officer, and his admitted drunk driving. In light of the deference given to district courts with respect to revocation sentences, the district court's stated rationale was sufficient to support the sentence imposed.

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*